# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANCHO AGRICOLA SANTA MONICA, S. de R.L. de C.V., <br><br> Plaintiff, <br><br> vs. <br><br> WESTAR SEEDS INTERNATIONAL, INC., <br><br> Defendant. | CASE NO. 08cv1998 JM(JMA) <br><br> ORDER DENYING MOTION TO CONSOLIDATE WITHOUT PREJUDICE |

Defendant Westar Seeds International, Inc. ("Westar") moves to consolidate this action with a related action, <u>Martin Acosta v. Westar Seeds International, Inc.</u>, Case No. 09cv0706 JM(JMA) (the "Acosta action"). Plaintiff Rancho Agricola Santa Monica, S. de R.L. de C.V. ("Agricola") opposes the motion. Pursuant to Local Rule 7.1(d)(1), this matter is appropriate for decision without oral argument. For the reasons set forth below, the motion to consolidate is denied without prejudice.

## BACKGROUND

On October 28, 2008 Agricola commenced this diversity action alleging claims arising from its purchase of onion seeds from Westar. On April 8, 2009, Agricola's counsel, representing another plaintiff, Martin Acosta, filed another diversity action alleging claims arising from the purchase of onion seeds from Westar.

On May 18, 2009 the court low numbered the Acosta action to the present action.

Following a case management conference on May 7, 2009, Magistrate Judge Adler issued coordinated case management schedules in both cases with the same pretrial conference and trial dates. The parties continue to conduct coordinated discovery in both actions.

The following briefly describes the nature of the two actions.

<u>The Present Action, No. 08cv1998</u>

Plaintiff Agricola alleges that in March 2008 it purchased 300 pounds of "Ringmaster" variety onion seeds from Westar for planting at Agricola's farm in Mexico. (Compl. ¶5). Agricola planted 130 acres with the Westar seeds and, before harvest, discovered that the seeds were not the "Ringmaster" variety but "seeds from a non-bulbing variety of onion mixed in with seeds of another, unknown variety of bulbing onion." (Compl. ¶8, 9). Agricola later discovered that "none of the onions that grew from the seed purchased from Defendant were 'Ringmaster' onions." (Compl. ¶11). Agricola alleges damages of about $4,000,000.

Based upon the above generally described conduct, Plaintiff alleges eight claims for (1) breach of contract, (2) breach of express warranty, (3) breach of implied warranty of merchantability, (4) breach of implied warranty of fitness for a particular purpose, (5) products liability, (6) negligence, (7) negligent misrepresentation, and (8) fraud.

<u>The Related Action, 09cv0706</u>

Plaintiff Acosta alleges that in March 2008 he purchased 150 pounds of "Ringmaster" variety onion seeds from Westar for planting at his farm in Mexico. (Compl. ¶5). Acosta planted 62 acres with the Westar seeds and, before harvest, discovered that the seeds were not the "Ringmaster" variety but "seeds from a non-bulbing variety of onion mixed in with seeds of another, unknown variety of bulbing onion." (Compl. ¶¶8, 9). Acosta alleges that it was later determined that "onions that grew from the onion plants purchased from Defendant were not 'Ringmaster' onions, and that the seeds were defective." (Compl. ¶10).

Based upon the above generally described conduct, Acosta alleges the same eight claims for (1) breach of contract, (2) breach of express warranty, (3) breach of implied warranty of merchantability, (4) breach of implied warranty of fitness for a particular purpose, (5) products liability, (6) negligence, (7) negligent misrepresentation, and (8) fraud.

**DISCUSSION**

Rule 42(a) of the Federal Rules of Civil Procedure provides: "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." The primary purpose of the rule is to promote trial court efficiency and avoid the danger of inconsistent adjudications. See E.E.O.C. v. HBE Corp., 135 F.3d 543, 551 (8th Cir. 1998). While considerations of judicial economy and convenience play an important role in deciding whether to consolidate two actions for trial, the paramount concern is whether the parties are afforded a fair and impartial trial.

As a threshold issue, the court notes that the term "consolidation" for purposes of Rule 42(a) has several different meanings. Wright Miller; Federal Practice and Procedure: Civil 2d §2382. The majority of courts hold that consolidation does not merge the separate lawsuits into a single consolidated action. Schwarzer, Tashima Wagstaffe, Federal Civil Procedure Before Trial, §16.140 (2008). In this district two different procedures apply to related actions. First, the low number rule of L.R. 40.1 generally provides for the coordinated treatment of actions that arise from substantially identical transactions, involve the same parties or property, or call for resolution of the same or substantially identical issues of law and fact. L.R. 40.1(b). Here, the Acosta action has been low numbered to the present case. As a consequence, coordinated discovery and case management has already occurred - - the same district and magistrate judge hear all matters, Magistrate Adler has conducted coordinated case management conferences, the parties have coordinated discovery, discovery produced

in one case will be used in the other, and both actions are subject to the same case management and scheduling order. Under the low number rule, substantial efficiencies and coordination have already occurred.

The second procedure provides for consolidation of two actions as if they were the same case. Where two related actions present the same factual and legal issues, consolidation provides that the two cases proceed under a single case number. Here, at the present time, the court declines to consolidate the two actions for a single trial as requested by Westar. Agricola identifies significant differences between the two actions. Agricola represents that discovery has revealed that the onion seeds purchased from Westar and sold to it and plaintiff Acosta originated from different batches or lots. (Ayers Decl. ¶¶2-4). Agricola also identifies that the damages arising from the batches of onion seed sold to it and plaintiff Acosta are different and could potentially confuse the jury. The potentially significant legal and factual differences between the two actions caution against the premature consolidation of the two actions.

In sum, the court denies the motion to consolidate the two actions for trial without prejudice. As the parties complete discovery and move towards trial, calendared for October 25, 2010, additional discovery may reveal that trial efficiencies warrant consolidation for trial. In the event discovery reveals that significant efficiencies will be obtained through consolidation of the two actions, Westar may renew its motion to consolidate the two actions for trial.

**IT IS SO ORDERED.**

DATED: September 29, 2009

_____
Hon. Jeffrey T. Miller
United States District Judge

cc:		All parties